UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
                                    :
IN RE NTL, INC. SECURITIES LITIGATION  :   02 Civ. 3013 (LAK) (AJP)
                                    :   **OPINION AND ORDER**
                                    :
------------------------------------x

**ANDREW J. PECK, United States Magistrate Judge:**

Presently before the Court is the motion (02 Civ. 3013, Dkt. No. 117) of counsel for the Gordon plaintiffs – who are not part of the class action – for a share of the attorneys' fees to be awarded to counsel for the class plaintiffs in connection with the $9 Million settlement of the class action. (Class counsel's separate motion for attorneys' fees of 20% of the settlement amount is separately pending before the Court and will be decided in a separate decision.)

For the reasons discussed below, the Gordon plaintiffs' counsel's motion for attorneys' fees from the class action settlement is DENIED.

## ANALYSIS

The Gordon plaintiffs' counsel, Robert Hermann of the firm of Thacher Proffitt & Wood, seeks one third of the fees to be awarded to class counsel[1] – apparently on the basis that two

---

[1]   Class counsel originally sought 30% of the $9 Million settlement fund, or $2.7 Million, but has reduced its request to 20%, or $1.8 Million.

2

firms represented the class plaintiffs, so those two firms and the Gordon plaintiffs' lawyer should split the fees in thirds – or in the alternative, $567,450, "the time charges and disbursements actually paid and incurred by" the Gordon plaintiffs.  (See, e.g., Dkt. No. 118: Thacher Proffitt & Wood Br. at 3; Dkt. No. 117: Hermann Aff. ¶¶ 4, 12-14; Dkt. No. 126: Hermann Reply Aff. ¶ 15.)

Mr. Hermann claims that "[t]he 'equitable fund' doctrine holds that when a fund is created through settlement of a class action, an attorney or firm whose work benefitted the class may claim reasonable compensation for his or her efforts."  (Thacher Proffitt & Wood Br. at 1.)  Mr. Hermann relies on three cases for his fee request.  (Id. at 1-2.)  None of those cases are persuasive on the facts of this case.  In Dubin v. E. F. Hutton Group, Inc., 845 F. Supp. 1004, 1013 (S.D.N.Y. 1994), the Court described the "common fund" or "equitable fund" theory for awarding fees to class counsel from the settlement of a class action:

> Under this [equitable fund] doctrine, "an attorney whose actions have conferred a benefit upon a given group or class of litigants may file a claim for reasonable compensation for his [or her] efforts."  The underlying principle of the equitable fund doctrine is that the members of a group or class should pay reasonable compensation to the <u>attorneys representing their interests</u>.

Dubin v. E. F. Hutton Group, Inc., 845 F. Supp. at 1013 (emphasis added & citations omitted). While the Dubin court awarded fees to counsel in related class actions, it did so because the three class actions were overlapping, and the attorneys in the class actions "represented . . . 80% of the" plaintiffs in the settling class action.  Id. at 1024.[2/]

---

[2/]   Significantly, the Dubin court also noted the need to separate out work that benefitted the class as a whole from work that benefitted only an individual plaintiff:

(continued...)

3

In County of Suffolk v. Long Island Lighting Co., 907 F.2d 1295 (2d Cir. 1990), the second case cited by Mr. Hermann, Suffolk County opted out of a class action, but only after a two month trial, and the rest of the class settled with LILCO. Id. at 1299. The Second Circuit held that under the equitable fund doctrine, Suffolk County could be awarded attorneys' fees, because "it is clear that the efforts of Suffolk's attorneys substantially benefitted the class," including conducting "virtually all of the pre-trial discovery and motion practice," conducting a two month trial that LILCO admitted influenced it to settle with the class, and "actively participated in the class settlement negotiations." Id. at 1326-27. Here, in contrast, the Gordon plaintiffs opted out of the class before certification, did not participate in the class settlement negotiations, and even Mr. Hermann agrees that his firm and the class plaintiffs' two law firms divided the work.

Alpine Pharmacy, Inc. v. Chas. Pfizer & Co., 481 F.2d 1045 (2d Cir. 1973), the last of the three cases cited by Mr. Hermann, as in Dubin, involved overlapping class actions. Alpine was a multidistrict antitrust case involving three classes of claimants: government entities, retailers and consumers. 481 F.2d at 1048. Counsel for the government entities sought to obtain part of the fees from the retailer settlement, which he undisputedly was responsible for negotiating as part of

---

2/   (...continued)
[A]ttorney hours devoted to work on claims asserted solely by an individual plaintiff must be excluded. . . . Furthermore, the burden is on class counsel to identify in the fee application how much time has been spent on individual as opposed to class claims.

Id. at 1015-16. While the Dubin court was referring to class counsel's fees, this Court finds it applicable to the Gordon plaintiffs' fee request, as discussed below.

4

the global settlement involving all three classes. Id. at 1056-57. It was in that context that the Second Circuit stated that "the fact that the firm did not sue on behalf of that class presents no bar to an allowance out of the fund," id. at 1057, which is the language Mr. Hermann cites from that case. (Thacher Proffitt & Wood Br. at 2.)

Not only are the three cases factually distinguishable, but all were decided before passage of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), which significantly altered the landscape of attorneys' fee awards in securities class actions. See, e.g., In re Cendant Corp. Sec. Litig., 404 F.3d 173, 180 (3d Cir. 2005).

The PSLRA contains the following provisions concerning attorneys' fees for "counsel for the plaintiff class":

> **(6) Restrictions on payment of attorneys' fees and expenses**
>
> Total attorneys' fees and expenses <u>awarded by the court to counsel for the plaintiff class</u> shall not exceed a reasonable percentage of the amount of any damages and prejudgment interest actually paid to the class.
>
> **(7) Disclosure of settlement terms to class members**
>
> Any proposed or final settlement agreement that is published or otherwise disseminated to the class shall include each of the following statements, along with a cover page summarizing the information contained in such statements: . . .
>
> **(C) Statement of attorneys' fees or costs sought**
>
> If any of <u>the settling parties or their counsel</u> intend to apply to the court for an award of attorneys' fees or costs from any fund established as part of the settlement, a statement indicating which parties or counsel intend to make such an application, the amount of fees and costs that will be sought (including the amount of such fees and costs determined on an average per share basis), and a brief explanation supporting the fees and costs sought.

5

> Such information shall be clearly summarized on the cover page of any notice to a party of any proposed or final settlement agreement.

15 U.S.C. § 78u-4(a)(6)-(7) (emphasis added).

The class plaintiffs claim that the PSLRA precludes awarding any fees to Thacher Proffitt & Wood. (Dkt. No. 124: Class Pls. Opp. Br. at 9.) Literally read, since Thacher Proffitt & Wood is neither "counsel for the plaintiff class," 15 U.S.C. § 78u-4(a)(6), nor "any of the settling parties or their counsel," 15 U.S.C. § 78u-4(a)(7)(C), the PSLRA would appear to preclude awarding attorneys' fees to the Gordon plaintiffs' counsel, particularly since the settlement notice to the class disclosed only that class counsel would request fees up to 30% of the settlement, but did not disclose that the Gordon plaintiffs' counsel would seek any fees. (See Dkt. No. 111: 7/20/06 Order Ex. 1: Notice to Class at 3.) The Court is not aware of any case within the Second Circuit awarding fees to non-class counsel under the PSLRA.

The more typical situation involves fees for non-lead counsel involved in the class action. The Third Circuit in In re Cendant Corp. Sec. Litig. developed a rebuttable presumption, that lead counsel's refusal to compensate non-lead counsel will generally be entitled to a presumption of correctness. 404 F.3d at 181.

The Third Circuit explained:

> We find the lead plaintiffs' arguments convincing. A careful reading of the PSLRA, . . . reveals that the new paradigm of securities litigation significantly restricts the ability of plaintiffs' attorneys to interpose themselves as representatives of a class and expect compensation for their work on behalf of that class. The PSLRA lead plaintiff is now the driving force behind the class's counsel decisions, and the lead plaintiff's refusal to compensate non-lead counsel will generally be entitled to a presumption of correctness.

* * *

>   The paramount goal . . . is to give the lead plaintiff, not the court, authority over class counsel.  This goal is served by according an equivalent presumption of correctness to lead plaintiff's decision that <u>non</u>-lead counsel's work, <u>not</u> pursuant to a retainer agreement between counsel and the lead plaintiff, is <u>not</u> entitled to any fees paid out of the class's recovery.  We thus conclude that any attorney who wishes to be compensated out of the plaintiff class's recovery in a class action governed by the PSLRA must submit his fee requests to the PSLRA lead plaintiff, and that the district court should accord a presumption of correctness to lead plaintiff's decision that such an attorney is not entitled to fees.

404 F.3d at 181, 199.[3/]

The Second Circuit has not yet been faced with whether or not to follow the Third Circuit's "presumption" approach.  This Court need not decide whether to adopt the Third Circuit's approach for this (or any other) case.  If that approach were to be applied in this Circuit, however, the Court would deny fees to Mr. Hermann's firm, for he has not rebutted the presumption.

---

[3/]   The Third Circuit explained how non-lead counsel can refute the presumption:

>   [N]on-lead counsel can refute the presumption, even in cases where lead plaintiff has faithfully discharged its fiduciary duties, simply by demonstrating that lead plaintiff's denial of fees was erroneous - that is, by clearly proving that non-lead counsel reasonably performed work that independently benefitted the class.  But, given our stated deference to lead plaintiff's managerial decisions, the standard for such a demonstration will be high.  Non-lead counsel will need to prove by clear evidence that (1) they performed work on behalf of the class, (2) they did so with some reasonable expectation of being compensated out of the class's common-fund recovery, and (3) their work led to identifiable benefits to the class that would not have been obtained by the work of lead counsel.

404 F.3d at 200.

Assuming the Court after the PSLRA still retains discretion to award fees to non-class counsel, and even without regard to the Third Circuit's approach, the Court in the exercise of its discretion declines to award fees to Mr. Hermann here, for the following reasons:

First, the Court notes that the Gordon plaintiffs' counsel's fee request, under either its one-third of counsel fees (originally $900,000, reduced by class counsel's fee reduction to $600,000) or fallback of "actual" fees incurred of $567,450, would mean that the Gordon plaintiffs would be reimbursed for <u>all</u> of their fees from the bringing of the suit through the May 2006 class settlement. (And this where class counsel are seeking only about half of their lodestar fees.) Even if <u>some</u> of the Gordon plaintiffs' counsel's actions benefitted the class, it cannot be said that everything he did benefitted the class. It was up to the Gordon plaintiffs' counsel to advise the Court of which billing entries are claimed to have benefitted the class – merely submitting all their time entries does not satisfy that obligation. (<u>See</u> page 3 n.2 above.)[4/] Frankly, the very greedy nature of the Gordon plaintiffs' fee application is grounds for denying it in its entirety, even if on a proper showing they might be entitled to some fees.

Second, the Gordon plaintiffs' counsel has pointed to no work that he did that benefitted only the class and not also the Gordon plaintiffs. If the Gordon plaintiffs prevail on their

---

[4/] Indeed, much of the Gordon plaintiffs' counsel's work clearly was of no benefit to the class – such as the Gordon plaintiffs' separate briefing opposing defendants' motion to dismiss the Gordon plaintiffs' complaint (class counsel filed briefs opposing defendants' motion to dismiss the class complaint). Moreover, at nearly every discovery conference in front of this Court, class counsel attended, as did Mr. Hermann. Mr. Hermann's presence may have been necessary to protect the Gordon plaintiffs' separate interests, but was not necessary for the class.

8

securities law claims, they will be entitled to reasonable attorneys' fees from defendants. Any attorneys' fees awarded to the Gordon plaintiffs now, at the expense of the class (or class counsel), would only benefit defendants if the Gordon plaintiffs later prevail in their action. And if the Gordon plaintiffs do not prevail in the action against defendants, there is no reason why the class (or class counsel) should pay for the Gordon plaintiffs' legal fees. As the Gordon plaintiffs stated in seeking consolidation with the class action for discovery purposes, the Gordon plaintiffs' choice to opt out of the class action "had real costs as well as projected benefits for the Gordon plaintiffs." (02 Civ. 7377, Dkt. No. 11: Gordon Pls. Reply Consolidation Br. at 15.) Yet the Gordon plaintiffs now seek to shift all of their "costs" for their own attorney back to the class. They should not be allowed to do so.

Third, while the Gordon plaintiffs' counsel claims that <u>his</u> pushing for production of missing documents and electronically stored information was of significant benefit to the class (<u>e.g.</u>, Dkt. No. 117: Hermann Aff. ¶ 10; Dkt. No. 118: Thacher Proffitt & Wood Br. at 2) – which class counsel disputes (Dkt. No. 124: Class Pls. Opp. Br. at 6-7 & n.5)[5/] – the Court has ordered defendants to reimburse the Gordon plaintiffs for their attorneys' fees for taking such discovery and making the successful spoliation motion. <u>In re NTL, Inc. Sec. Litig.</u>, 02 Civ. 3013 & 7377, 2007 WL

---

[5/]   <u>See</u>, <u>e.g.</u>, <u>In re BankAmerica Corp. Sec. Litig.</u>, 228 F. Supp. 2d 1061, 1069-70 (E.D. Mo. 2002) (Where class member in securities fraud class action opted out early on in the case and reached independent settlement with defendants, opt-out class member was not entitled to recover attorneys' fees from class settlement fund because the opt-out class member's counsel's efforts only benefitted the opt-out class member alone and the efforts of the opt-out class member's counsel "did not help to create or enhance the class recovery."), <u>aff'd</u>, 350 F.3d 747 (8th Cir. 2003).

9

241344 at *23 (S.D.N.Y. Jan. 30, 2007) (Peck, M.J.). Thus, whether or not the class benefitted from the spoliation motion or related discovery, the Gordon plaintiffs are being reimbursed for their attorneys' fees by defendants, and should not get a double recovery by also obtaining reimbursement of those fees from the class.

Finally, while the Court recognizes that class counsel and the Gordon plaintiffs' counsel did agree to cooperate, coordinate and "split" certain discovery and other efforts in this case, such "efficiency" was the reason behind the Gordon plaintiffs' request to consolidate these cases for pretrial purposes while "insuring that Gordon's distinct rights to pursue its unique claims are preserved." (Dkt. No. 125: Haber Opp. Aff. Ex. F: Gordon Pls. Consolidation Br. at 12.) Notably, the Gordon plaintiffs' consolidation papers nowhere advised the class, class counsel or the Court that if consolidation was ordered they would seek attorneys' fees in connection with any settlement or other favorable resolution of the class action. It is unfair to spring this on the class at the end of the case. Moreover, while the division of efforts (such as the Gordon plaintiffs' counsel taking the lead at the Wood and Knafel depositions) may have saved class plaintiffs' counsel's time, it is clear that the Gordon plaintiffs received an equal if not greater benefit from class counsel's discovery efforts. As already noted, the Gordon plaintiffs have pointed to no work done by their counsel that benefitted only the class and not also the Gordon plaintiffs.

In short, in the exercise of discretion, the Court does not find that the Gordon plaintiffs' counsel should receive reimbursement of any attorneys' fees from the class settlement.

## CONCLUSION

For the reasons stated above, on the particular facts of this fee application (including the Gordon plaintiffs' counsel's incredibly greedy fee claim seeking reimbursement for <u>all</u> of the Gordon plaintiffs' legal fees, without separating out the work that arguably benefitted the class from the work that only benefitted the Gordon plaintiffs), the Court denies the Gordon plaintiffs' counsel's motion for attorney fees from the class settlement.

SO ORDERED.

Dated:      New York, New York
            February 8, 2007

**Andrew J. Peck**
United States Magistrate Judge

Copies to:  Robert Hermann, Esq.
            Jeffrey M. Haber, Esq.
            Arvind B. Khurana, Esq.
            Brooks R. Burdette, Esq.
            Seth M. Schwartz, Esq.
            Joel W. Sternman, Esq.
            Jennifer Rodburg, Esq.
            Judge Lewis A. Kaplan